The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD KOGAN,<br><br>Defendant. | NO. CR18-258RSM<br><br>**DEFENDANT EDWARD KOGAN'S SENTENCING MEMORANDUM**<br><br>Sentencing Hearing: August 2, 2019, 9:00 A.M. |

COMES NOW the Defendant, EDWARD KOGAN, by and through his undersigned counsel and respectfully submits this Sentencing Memorandum in support of his request for a sentence below the guideline range that is "sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. § 3553(a).

## I. INTRODUCTION

Edward Kogan is before this Court for sentencing having pleaded guilty on December 4, 2018, to one count of Conspiracy to Commit Computer Hacking in violation of 18 U.S.C. § 371.

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565

Sentencing is scheduled for August 2, 2019, at 9:00 a.m. before The Honorable Ricardo S. Martinez, Chief United States District Judge. The Government is represented by Steven Masada, Assistant United States Attorney. Mr. Kogan is represented by David S. Seltzer and Robert Flennaugh II. The probation officer is Andrea G. Porter.

## II. MR. KOGAN

Mr. Kogan is a 30-year-old, first-time, non-violent offender. He is a hard-working individual with a passion for computers; he is reserved in nature and keeps to himself. As a teenager Mr. Kogan became interested in computer programming, and subsequently discovered the technology's ability to allow for self-expression and facilitate communication. His passion for computers led Mr. Kogan to search for others who shared this same passion, which led him to communicate and trust the co-conspirators in this case. Believing that he was viewing information in the public domain, Mr. Kogan used an application developed by a co-conspirator to run queries to view products being developed by Microsoft. He is an individual who understands the notion of what taking responsibility for one's actions, and he has done everything one could to conserve the government's resources.

## III. SENTENCING FACTORS

As the Court is well aware, district courts are free from the mandatory nature of the Federal Sentencing Guidelines. United States v. Booker, 543 U.S. 220 (2005). A District Court is required to impose a reasonable sentence based upon factors set forth in 18 U.S.C. §3553(a).

Defendant Edward Kogan's Sentencing Memorandum / - 2
*U.S. v. Kogan,* CR18-258RSM

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565

A District Court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range…[t]he Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented.

Gall v. United States, 552 U.S. 38, 49 (2007).

Accordingly, the Guidelines are one, and only one, of the factors to be considered by the District Court which must, after considering all the sentencing factors, "tailor the sentence in light of other statutory concerns." Peugh v. United States, 569 U.S. 530, 537 (2013). Title 18 U.S.C. §3553 (a) sets forth a list of at least ten (10) separate sentencing factors which this Court is required to consider in fashioning a sentence which is "sufficient, but not greater than necessary, to comply with the purposes" set forth in the Act. This Court must fashion a sentence which:

(A)   reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense;

(B)   provides adequate deterrence to criminal conduct;

(C)   protects the public from future crimes of the defendant; and

(D)   provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a) (2) (A)-(D).

Defendant Edward Kogan's Sentencing Memorandum / - 3
U.S. v. Kogan, CR18-258RSM

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565

"The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." <u>Nelson v United States</u>, 555 US 350, 352 (2009). The Supreme Court has made it clear that a District Court's exclusive reliance on a Sentencing Guidelines calculation is erroneous. While the Sentencing Guidelines offer a good starting point, the ultimate sentence must be based on the statutory criteria in Section 3553(a), and the district court must explain what weight is being given to the statutory criteria at the time it imposes a sentence.  See <u>Gall</u>, 552 U.S. 38, 49 (2007).

**A.  <u>Cooperation with the United States Government</u>**

"[A] sentencing court has the power to consider a defendant's cooperation under 18 U.S.C.S. § 3553(a), irrespective of whether the Government files a § 5K1.1 motion…a sentencing court's failure to recognize its discretion to consider a defendant's cooperation under § 3553(a)(1) is a significant procedural error." <u>United States v. Robinson</u>, 741 F.3d 588, 599 (5th Cir. 2014); <u>See also</u> <u>United States v. Zolp</u>, 479 F.3d 715, 722 (9th Cir. 2007); <u>United States v. Landrón-Class</u>, 696 F.3d 62 (1st Cir. 2012); <u>United States v. Massey</u>, 663 F.3d 852 (6th Cir. 2011); <u>United States v. Leiskunas</u>, 656 F.3d 732 (7th Cir. 2011); <u>United States v. Doe</u>, 398 F.3d 1254 (10th Cir. 2005).

"Section 3553(a)(1) contains broad language instructing the court to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant,' language that encompasses assistance provided by a defendant. A defendant's assistance to the government is also relevant to the factors delineated in § 3553(a)(2), particularly the need for the sentence to promote respect for the law and to provide just

Defendant Edward Kogan's Sentencing Memorandum / - 4
*U.S. v. Kogan*, CR18-258RSM

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565

punishment, to afford adequate deterrence, and to protect the public." <u>Doe</u>, 398 F.3d at 1260 (internal citations omitted).

Mr. Kogan has taken steps to minimize the impact of his offense and minimize the use of the Government's resources. He has continued to assist the Government in their investigation of the other co-conspirators and has been ready, willing, and able to testify at trial in the United States and/or abroad if needed. Mr. Kogan's cooperation speaks volumes as to his respect for the law and need for deterrence.

**B. <u>Just Punishment / Respect for the Law / Disparate Sentencing</u>**

Mr. Kogan is ashamed to be in this courtroom. He is ashamed that his naivety clouded his judgment. As a professional working in the programming industry, Mr. Kogan is aware of the seriousness of his actions. He has learned an invaluable lesson; this has been a monumental reality check.

**C. <u>Need for Deterrence</u>**

The sentence must serve a deterrent function, but a guidelines range would not do so under the current facts and circumstances of this matter. Research has consistently shown that "increases in severity of punishments do not yield significant (if any) marginal deterrent effects." <u>See</u> Michael Tonry, <u>Purposes and Functions of Sentencing</u>, 34 Crime & Just. 1, 28 (2006). "Three National Academy of Science panels. . . reached that conclusion, as has every major survey of the evidence." <u>Id</u>; <u>see also</u> Zvi D. Gabbay, <u>Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White-Collar Crime</u>, 8 Cardozo J. Conflict Resol. 421, 447-48 (2007) ("[C]ertainty of punishment is empirically

Defendant Edward Kogan's Sentencing Memorandum / - 5
*U.S. v. Kogan,* CR18-258RSM

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565

known to be a far better deterrent than its severity.") (hereinafter "Restorative Justice and White-Collar Crime").

> "One of the greatest curbs on crimes is not the cruelty of punishments, but their infallibility…The certainty of a punishment, even if it be moderate, will always make a stronger impression than the fear of another which is more terrible but combined with the hope of impunity; even the least evils, when they are certain, always terrify men's minds."

Centennial Symposium: A Century Of Criminal Justice: I. Crimes And Punishment: Show Much Do We Really Know About Criminal Deterrence?, 100 J. Crim. L. & Criminology 765, 769 (2010).

Mr. Kogan is distraught over the situation he is in, and deeply remorseful. The daily effect of knowing that he has done something that will shame his family is a punishment deeper and more painful than any he has ever experienced. While this alone is enough to significantly deter Mr. Kogan from any future criminal conduct, it is also worth noting that despite having the technical abilities to commit similar acts Mr. Kogan has no prior criminal history. To be sure, Mr. Kogan is aware that this is a serious offense and he does not take this lightly.

## IV. OTHER FACTORS / DOWNWARD DEPARTURE

### A. <u>Sincere Remorse and Acceptance of Responsibility</u>

Not only did Mr. Kogan accept responsibility for his actions immediately, qualifying him for a three-level reduction in the offense level, he also expressed exceptional remorse and limited government and court resources. Mr. Kogan has voluntarily assisted authorities in the investigation or prosecution of his own misconduct

Defendant Edward Kogan's Sentencing Memorandum / - 6
*U.S. v. Kogan,* CR18-258RSM

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565

by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

In addition, Courts have authorized downward departures for exceptional "remorse" and acceptance of responsibility, and such a departure would be consistent with these facts. United States v. Fagan, 162 F.3d 1280, 1284-1285 (10th Cir. 1998); United States v. Evans, 49 F.3d 109 (3d Cir. 1995); United States v. Carter, 122 F.3d 469, 475-76 (7th Cir. 1997); United States v. Jaroszenko, 92 F.3d 486, 490-91 (7th Cir. 1996). In Koon v. United States, 518 U.S. 81 (1996), the Supreme Court explained that a sentencing court considering whether to depart from the applicable guidelines range "must determine whether the ground on which it is contemplating a departure is forbidden, encouraged, or discouraged by the Guidelines." United States v. Parish, 308 F.3d 1025, 1029 (9th Cir. 2002). "If a factor is discouraged, or encouraged but already taken into account, the district court may depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Id.; Fagan, 162 F.3d at 1284; United States v. Carter, 122 F.3d 469, 475-76 (7th Cir. 1997) (finding no error in district court's ruling that, although defendant's remorse had been recognized when his sentence was reduced for acceptance of responsibility, it could have departed further if it had found his remorse to be exceptional).

Mr. Kogan has accepted responsibility for his actions and his remorse is exceptional. Because of Mr. Kogan's stoic and reserved nature, the intense shame and sorrow that he

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565

lives with each and every day is not always visible and able to be fully appreciated from the outside looking in. However, Mr. Kogan has, and will again, express to this Court that he is ashamed that his naivety led him to communicate with and trust the wrong group of people.

### B. **Aberrant Behavior**

Mr. Kogan is entitled to a departure under § 5K2.20. Application Note 3 provides circumstances that the Court may consider in making this determination:

> In determining whether the court should depart under this policy statement, the court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense.

U.S.S.G. § 5K2.20. This list is not exhaustive. *See* United States v. Booe, 252 F. Supp. 2d 584 (E.D. Tenn. 2003). "A defendant's conduct is aberrant behavior if that conduct constitutes a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." United States v. Guerrero, 333 F.3d 1078, 1081 (9th Cir. 2003) (quoting U.S.S.G. § 5K2.20(b)). The Defendant meets the criteria set forth in § 5K2.20 and a downward departure under § 5K2.20 is warranted in this "exceptional" case.

Mr. Kogan is a first-time offender who committed a thoughtless act based on the misguided trust of others. He did not "significantly plan" the unlawful activity and it was not an elaborate scheme on his part. What Mr. Kogan did was click on an application, which was created by a co-conspirator, that ran a code to run queries. His motivation for

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565

his actions was purely out of curiosity; there was no malicious intent to steal or infringe on property. This conduct is a marked deviation from his otherwise pristine life; Mr. Kogan has the technical abilities to commit similar acts but has not because he does not, and has never had, the desire to commit any crimes. Mr. Kogan has enjoyed a successful career in programming, and once he became aware of the true scope of his actions, he took steps to mitigate the effects of his offense by working and cooperating with the Government. The Defendant is a category I criminal history.

## V. CONCLUSION

In light of the foregoing facts and circumstances it is respectfully requested that this Court consider a departure and/or variance from the guidelines, a sentence that is sufficient but not greater than necessary to achieve justice. Counsel and Mr. Kogan respectfully request that this honorable Court adopt the sentencing recommendation by the United States Probation Office of three years' probation for the reasons outlined in this memorandum, the USPO's sentencing recommendation, and those additional arguments to be proffered before this Court prior to imposition of sentence.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

Respectfully submitted,

By:  /s/ David Seltzer
　　　DAVID SELTZER
　　　Attorney for the Defendant

Defendant Edward Kogan's Sentencing Memorandum / - 9
*U.S. v. Kogan,* CR18-258RSM

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565

Florida Bar #782041
10750 NW 6th Court
Miami, Florida 33168
Tel: 305.444.1565
Fax: 305.444.1665

*(s) Robert Flennaugh II*
Robert Flennaugh II, WSBA # 26764
Attorney for Defendant Kogan
Law Office of Robert Flennaugh II, PLLC
810 3rd Avenue, Suite 500
Seattle, WA 98104
Phone: 206-447-7422
Fax: 206-447-7534

Defendant Edward Kogan's Sentencing Memorandum / - 10
*U.S. v. Kogan,* CR18-258RSM

SELTZER MAYBERG, LLC
10750 NW 6TH COURT
MIAMI, FL 33168
(305) 444-1565